IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AGAPITO SÁNCHEZ-MEDINA, HIS
WIFE LIZEL MARITZA LÓPEZ-
MESTRE and the CONJUGAL
PARTNERSHIP SÁNCHEZ-LÓPEZ,

Plaintiffs

v.

UNICCO SERVICE COMPANY;
UNILEVER DE PUERTO RICO, INC., et
al.,

Defendants

CIVIL 07-1880 (DRD)

OPINION AND ORDER

This matter is before the court on plaintiffs' request that defendants be ordered to immediately produce information which had been previously requested by them. For the reasons set forth below plaintiffs' request is hereby GRANTED.

I. BACKGROUND

Plaintiffs' causes of action were brought under the Age Discrimination and Employment Act ("ADEA") and Title VII of the of the Civil Rights Act 42 U.S.C. § 2000e *et seq.*, as well as under various Puerto Rico statutes, seeking redress from the defendants, UNICCO Service Company, ("UNICCO"), Unilever de Puerto Rico, Inc., ("Unilever"), William Ocasio, and Juan C. Rodríguez, for conduct in the workplace constituting of sexual harassment, employment discrimination by

CIVIL 07-1880 (DRD)                                2

reason of age, sex and gender, retaliation for engaging in a protected activity, and for slandering Agapito Sánchez-Medina ("Mr. Sánchez") and torts.  (Docket No. 16, at 1, ¶ 1.)

On December 21, 2007, pursuant to the provisions of Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, the plaintiffs sent their "First Set of Interrogatories" to the defendants.  (See Plaintiffs' First Set of Interrogatories.)  On May 6, 2009, the defendants received notice of "Plaintiffs' Supplemental Set of Interrogatories".  (See Exhibit No. 1.)  Thereafter, on July 21, 2009, the defendants were notified of "Plaintiffs' First Request to Admit Facts".  (See Exhibit No. 2.)  The defendants then notified their "Answer to Plaintiffs' Supplemental Set of Interrogatories" on August 4, 2009.  (See Exhibit No. 4.)

On August 6, 2009, the plaintiffs made objections to some of the defendants' answers to the supplemental set of interrogatories stating that they were unresponsive and frivolous.  The plaintiffs' interrogatories required, among other things, that the defendants produce information regarding the name, age, position and seniority of the UNICCO employees working at Puerto Rico, and/or supervisory positions, as well as those employees that worked at UNICCO, both before and after Mr. Sánchez' termination.  (See Plaintiffs' First Set of Interrogatories Nos. 24 & 25; and Request for Production of Documents No. 22;

CIVIL 07-1880 (DRD)                            3

and Plaintiffs' Supplemental Set of Interrogatories.)  However, according to the

plaintiffs the defendants failed to:

(1) Identify the managerial and supervisory positions that were available at Puerto Rico, before and after plaintiff's termination, and the name, age, and seniority of the persons occupying the same.

(2) Provide a list with the names, position, age and seniority of UNICCO's employees at Puerto Rico, before and after plaintiff's termination.

(3) Provide a list with the names, age, seniority, and position of its employees that worked at UNILEVER, and were reassigned to another facility as an alternative to their termination, after plaintiff's termination.

(4) Provide a list with the name, age, position and seniority of defendant's employees occupying a supervisory or managerial position, at UNICCO's operations in the United States.

On August 19, 2009, the plaintiffs were informed by the defendants that they did not have a list of all available positions, and that there were no supervisory positions available at the time Mr. Sánchez was terminated from his employment and at the time the contractual relationship between UNICCO and Unilever had ceased.  The defendants only provided a list of new hires from January 1, 2006, to December 31, 2008.  The plaintiffs thus argue that the defendants' answer was not responsive.  (See Answers to Objected Interrogatories Nos. 1, 2, and 9 of the letter dated August 19, 2009.) According to the plaintiffs the information they requested is extremely relevant.  The

CIVIL 07-1880 (DRD)                              4

plaintiffs claim that after Mr. Sánchez was terminated from his employment he informed UNICCO that he was willing to accept any other position at any other facility in Puerto Rico, or in the United States but was informed that no positions were available for him.  The plaintiffs claim that despite of this, after Mr. Sánchez was discharged, UNICCO made various relocation offers to other younger employees who had less experience and seniority.  According to the plaintiffs, Mr. Radamés Rivera ("Mr. Rivera") received an e-mail from a human resources representative of UNICCO asking him for resumes from UNICCO employees.  The plaintiffs believe that the information it requests is neither overly broad nor burdensome, since they claim it is information that the defendants must have available in order to be able to run their day to day operations.  Furthermore, plaintiffs contend that UNICCO had a practice and policy for relocating employees that were going to be affected due to termination of a contract and/or due to a reduction in force, to any other position occupied by an employee with lesser seniority.  It is because of this that the plaintiffs requested the information and documents described.

The defendants in turn argue that in their "Answer to Plaintiff's First Request to Admit Facts", which was notified to the plaintiffs on August 21, 2009, they denied having a relocation policy applicable to all employees affected in a reduction in force and/or a cancellation of a contract.  (See Exhibit No. 7.)  The

CIVIL 07-1880 (DRD)                                    5

defendants further claim that plaintiffs' request was overly broad and burdensome. (See Exhibit No. 8, Letter from attorney Escanellas dated September 1, 2009 & Exhibit No. 9, Letter from attorney Ramírez dated September 3, 2009.) Also, the defendants informed plaintiffs that they did not understand the relevance of their request for information related to supervisory positions UNICCO may have had outside of Puerto Rico, since UNICCO did not have a transfer policy for employees that are laid off as a result of the termination of the contractual relations between UNICCO and their clients. (See Exhibit 10, Letter from attorney Ramírez dated October 1, 2009.) As to the e-mail that plaintiffs claim was sent to Mr. Rivera, the defendants claim that despite their requests it was never produced. (See Exhibit No. 5, E-mail from attorney Ramírez dated August 11, 2009 & Exhibit No. 11, E-mail from attorney Ramírez dated October 13, 2009.)

According to the defendants, the only e-mail that related to resumes of UNICCO employees being sent was an e-mail sent by Mr. Rivera to Mr. Adalberto Charnichart and Mr Guido Herrera, both employees of Johnson Control. (See Exhibit 5, E-mail from attorney Ramírez dated August 11, 2009.) The defendants claim that the information requested by the plaintiffs cannot be produced because all available management positions are reported to UNICCO's Human Resources ("HR") headquarters. According to the defendants, all positions, including

CIVIL 07-1880 (DRD)                             6

Mr. Sánchez', which are not management positions, are not reported to UNICCO's HR headquarters.  The defendants thus claim that no report can be generated by UNICCO that would illustrate available supervisory positions UNICCO may have had outside of Puerto Rico.  In sum, the defendants argue that the information sought by plaintiffs is overly broad, burdensome and completely irrelevant.

## II.  ANALYSIS

Rule 33 (b)(3) of the Federal Rules of Civil Procedure states: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33 (b)(3).  Rule 33(b)(4) reads in part:  "The grounds for objecting to an interrogatory must be stated with specificity. . . ."  Fed. R. Civ. P. 33(b)(4).  Nevertheless,

> [a] defendant is not . . . obligated to perfect a plaintiff's litigating strategy by pointing out potential causes of action that the plaintiff has neglected to bring. Nor is a party required to make heroic exertions to divine the intent of an opaque, ambiguous, or clumsily worded discovery request.  But the spirit of the Civil Rules requires that a party be responsive, complete, and forthcoming in its answer . . . . *Cf.* Fusco v. General Motors Corp.*,* 11 F.3d 259, 265 (1st Cir. 1993).

Steir v. Girl Scouts of the USA, 383 F.3d 7, 14 (1st Cir. 2004).

Many cases "suggest that when the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper, the rule has been satisfied."  See 8A Charles Allan

CIVIL 07-1880 (DRD)                              7

Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2177 (2d ed.1994).  Accordingly, and consistent with the goal that discovery provide the parties with all relevant information,

> [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden. . . . [T]he "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." . . . "On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'"

St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Ia. 2000) (citations omitted); see Guzmán v. Irmadan, Inc., 249 F.R.D. 399, 400-01 (S.D. Fla. 2008).

In this case the plaintiffs are seeking information about general company practices in order to demonstrate a pattern of discriminatory conduct on the part of UNICCO.  In this type of case, it has been found that, "[p]laintiff[s] should be permitted to show that defendants' past practices manifest a pattern of . . . discrimination."  Briddell v. Saint Gobain Abrasives Inc., 233 F.R.D. 57, 59 (D. Mass. 2005) (quoting Jackson v. Harvard, 111 F.R.D. 472, 475 (D. Mass. 1986).

Here, plaintiffs are requesting information of all supervisory positions available at all UNICCO accounts in Puerto Rico and in the United States which

CIVIL 07-1880 (DRD)                         8

Mr. Sánchez may have occupied. The defendants have objected plaintiffs' request because to their understanding it is overly broad, burdensome and irrelevant.

Interrogatory number 8 from "Plaintiffs' Supplemental Set of Interrogatories" reads as follow:

> State and describe any and all positions within defendants' organization, which the plaintiff could have occupied as an alternative to his termination. State and describe in detail, which of these positions were offered to the plaintiffs. If the defendants did not offered any of these positions to the plaintiff, state each and every reason as to why it was not offered to the plaintiff. Provide copies of any and all documents that sustain your answers.

In their "Answer to Plaintiff's Supplemental Set of Interrogatories", the defendants objected plaintiffs' request arguing that it was overly broad and that they could not account for other positions at other UNICCO accounts. (See Exhibit No. 3, Answer to Interrogatory No. 8.) Plaintiffs responded by stating that the defendants' answer was not responsive and was frivolous. The defendants then informed plaintiffs that there were no supervisory positions available in any other UNICCO account in Puerto Rico at the time of the end of the contractual relationship between UNICCO and Unilever. Also, and even though the defendants informed plaintiffs that they did not have a list of all available positions, they gave plaintiffs a table containing information on the new hires to the positions that were available from January 1, 2006 until December 31, 2008. (See Exhibit No. 7.)

CIVIL 07-1880 (DRD)                              9

The plaintiffs, unpleased with the defendants' answer, objected by stating that the defendants "only provided information regarding the supervisory positions available at the UNICCO's accounts in Puerto Rico" and that they failed to produce "information regarding any and all supervisory positions available at the UNICCO's accounts, not only in Puerto Rico, but also in the United States." (See Exhibit No. 8.) The defendants opposed plaintiffs' request by stating that it was overly broad and burdensome. (See Exhibit No. 9, Letter from attorney Ramírez dated September 3, 2009.) The defendants later communicated to plaintiffs that they did not understand the relevance of their request for information related to supervisory positions UNICCO may have had outside of Puerto Rico, since UNICCO did not have a transfer policy for employees that were laid off as a result of the termination of the contractual relationship between UNICCO and its clients. The defendants argue that Act 80 did not provide bumping rights for employees that cease in a position as a result of a cessation of operations, and that the information requested was for positions outside Puerto Rico's jurisdictional limits.

The defendants' answer to plaintiffs' interrogatory is inadequate. The defendants have not shown that plaintiffs' interrogatory is neither irrelevant nor overly broad. Even though "open-ended" reviews of a company's corporate records is not viewed favorably, evidence concerning a pattern of behavior is relevant to discrimination claims such as the ones asserted in this case. Plaintiffs

CIVIL 07-1880 (DRD)                    10

requested information related to the supervisory positions UNICCO may have had outside of Puerto Rico, because according to them relocation offers were made by UNICCO to other younger employees who had less experience and seniority than Mr. Sánchez.  Thus, since defendants have failed to show otherwise, the information requested by the plaintiffs is relevant.  Also, even though plaintiffs may have not explicitly limited their request to a specific time frame, it can be inferred that the information sought by them was limited to the time that Mr. Sánchez was terminated from his employment.  The fact that the defendants may have indicated to the plaintiffs that they did not understand the relevancy of the information requested does not mean that they were able to adequately voice a successful objection.  The defendants are the ones who bear the burden of establishing the lack of relevancy of the information requested or undue burden imposed on them as a result of plaintiffs' request.  Although the defendants in essence argue that UNICCO does not have a transfer policy for employees that were laid off as a result of the termination of the contractual relationship between UNICCO and its clients, it does not mean that the information requested by the defendants is irrelevant.

The defendants also contend that the evidence requested by the plaintiffs cannot be produced because all available management positions are reported to UNICCO's HR headquarters.  According to the defendants all other positions such

CIVIL 07-1880 (DRD)                         11

as the one held by Mr. Sánchez are not reported.  The defendants' argument however does not show that plaintiffs' request is either overly broad or burdensome.  In fact "it is [UNICCO's]  own record keeping policies which have contributed significantly to the burden imposed on it." Briddell v. Saint Gobain Abrasives Inc., 233 F.R.D. at 61.  "Courts have been loathe to reward (and possibly encourage) poor record keeping by shielding companies with inefficient recording methods from discovery." Id.  Furthermore, the defendants have also failed to show that all of the other information which was requested by the plaintiffs but was not produced, was either irrelevant, overly broad or burdensome.  Therefore, the defendants may not resist discovery and are directed to produce the information sought by the plaintiffs.

### III.  CONCLUSION

Therefore, in view of the of the above the defendants are hereby directed to:

(1) Identify the managerial and supervisory positions that were available at Puerto Rico, before and after plaintiff's termination, and the name, age, and seniority of the persons occupying the same before and after plaintiff's termination.

(2) Provide a list with the names, age, seniority, and position of its employees that worked at UNILEVER, and were reassigned to another facility as an alternative to their termination, after plaintiff's termination.

CIVIL 07-1880 (DRD)                              12

   (3)   Provide a list with the name, age, position and seniority of defendant's employees occupying a supervisory or managerial position, at UNICCO's operations in the United States.

As to plaintiffs they are ordered to produce to the defendants any e-mail or communication, in their possession, from UNICCO's HR representatives which might make reference to available positions in other UNICCO accounts in the United States.

At San Juan, Puerto Rico, this 30th day of November, 2009.

                                           S/ JUSTO ARENAS
                                   Chief United States Magistrate Judge