1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


AGAPITO SÁNCHEZ-MEDINA, et al.,

Plaintiffs

v.                                          CIVIL 07-1880 (DRD) (JA)

UNICCO SERVICE COMPANY, et al,

Defendants


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to strike a portion of plaintiff Agapito Sánchez-Medina's deposition testimony filed by the defendant Chesebrough Ponds Manufacturing Company, a/k/a Unilever de Puerto Rico, on August 28, 2009.  (Docket No. 55.)  The defendant's motion was opposed by plaintiff on November 30, 2009. (Docket No. 65.)  This matter was referred to me for report and recommendation on April 16, 2010.  (Docket No. 91.)  For the reasons set forth  below, it is recommended that the defendant's motion to strike be GRANTED.

I. OVERVIEW

The defendant requests the court to strike and/or disregard plaintiff's deposition testimony of January 30, 2009, regarding his age discrimination claim because it is contradictory.  (Docket No. 55.)  According to the defendant, during the taking of the deposition on January 26, 2010, when plaintiff was asked to

CIVIL 07-1880 (DRD) (JA)                2

explain the facts on which he based his age discrimination claim he answered that

his former supervisor Juan Rodríguez ("Mr. Rodríguez") allegedly made only one

comment and/or remark regarding his age during a meeting.  (Id. at 2, ¶ 2.)

However, the defendant claims that when the deposition resumed on January 30,

2010, plaintiff stated that Mr. Rodríguez made comments and/or remarks about

his age at all times in different areas of the company, whenever Mr. Rodríguez

would see him.  (Id. ¶ 4.)  On the other hand, plaintiff contends that although the

he used the word "once" he never meant that Mr. Rodríguez, in only one occasion,

during one meeting, made discriminatory comments about his age.  (Docket No.

65, at 2.)  Plaintiff claims that what he really meant was that whenever he and Mr.

Rodríguez met, Mr. Rodríguez would make discriminatory comments about his

age.  (Id. at 3.)

## II.  ANALYSIS

It is well settled that an issue of fact cannot be created "by filing a 'sham

affidavit', that is, one that contradicts prior deposition testimony." Rivera-Rocca

v. RG Mortgage Corp., 535 F. Supp. 2d 276, 286 n.5 (D.P.R. 2008); see

Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994) (citing

10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and

Procedure § 2726, at 30-31 (2d ed. Supp. 1994)).  The applicable standard in

determining if an contradictory affidavit will be disregarded "'is not whether a

CIVIL 07-1880 (DRD) (JA)                3

sham issue of fact has been created,' but whether 'an interested witness has given

clear answers to unambiguous questions' and whether he is attempting to 'create

a conflict and resist summary judgment with an affidavit that is clearly

contradictory without providing a satisfactory explanation of why the testimony

is changed.'" Carmichael v. Verso Paper, LLC, 679 F. Supp. 2d 109, 122 (D. Me.

2010) (quoting Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325,

332 n.3 (1st Cir.2005)).  This rule has also been applied "to disregard a [party's]

deposition testimony [that] contradic[s] . . . earlier deposition testimony in the

same case." Cruz v. McAllister Bros., Inc., 52 F. Supp. 2d 269, 283 (D.P.R. 1999)

(citing Gray v. Ameritech Corp., 937 F. Supp. 762, 767-69 (N.D. Ill. 1996)).

In this case, the defendant cites portions of plaintiff's January 30, 2010,

deposition testimony in order to argue that the testimony given by him when the

deposition resumed on January 26, 2010, contradicts his prior statements.

(Docket No. 55, at 3-7, ¶¶ 8-13.)  According to the defendant, when plaintiff was

asked to explain the facts on which he based his claim for age discrimination,

plaintiff answered that William Ocasio would tell him constantly that he was going

to be fired because he was too old.  (Id. at 3, ¶ 6.)

Furthermore, the defendant claims that plaintiff also stated that when Mr.

Ocasio met with Mr. Rodríguez, Mr. Rodríguez would tell Mr. Ocasio that he

wanted to fire him because he was too old.  (Id. ¶ 7.)  However, the defendant

CIVIL 07-1880 (DRD) (JA)                4

claims that when asked to clarify whether Mr. Rodríguez made these comments directly to him, plaintiff answered that only "once" during a meeting at Mr. Rodríguez' office.  (Id.)  Plaintiff's January 26, 2010, deposition testimony in relevant part reads as follows:

> Q. Okey, can you explain what are the facts on which you base this allegation of age discrimination?
>
> A. When William Ocasio starts working at the company, when he starts meetings with Juan Rodríguez, he informs me that Juan has something personal with me and that he wants to fire me because I'm old, and that I've done bad things there and that he doesn't want there. That I'm old and I'm good for nothing there.
>
> Q. Anything else, mister Sánchez?
>
> A. And that happened all the time, William Ocasio would tell me that I was old and that I was going to be fired. And I filed a report against him and what I was told was that UNICCO knew about that already and that they were going to come and fire me. I informed that to Unilever also and they tell they are going to investigate but don't do anything either.
>
> Q. Mister Sánchez, who told you that mister Rodríguez was making these statements, Ocasio?
>
> A. Mister William Ocasio
>
> Q. Anyone else?
>
> A. No.

(Docket No. 65-2, 22-23.)

CIVIL 07-1880 (DRD) (JA)                    5

Q.   So, to clarify, the person who was telling you directly that you were going to be fired and that you were old, who was that person telling that to you?

A.   William Ocasio told me that.

Q.   Anyone else told that to you?

A.   William told me that Juan would also say that.

Q.   But you never heard mister Juan Rodríguez say that to you ?

A.   No, directly . . . well, once, yes once Juan Rodríguez told me that he was just dying to get rid of me, that I was too old.

Q.   When was that, mister Sánchez?

A.   Once, he used to me in for meetings, to give me instructions.

Q.   I need to know when that happened, mister Sánchez?

A.   That was, well, it must have happened during the month of July.

Q.   July of what year, mister Sánchez?

A.   2007.

Q.   Can you explain, that happened in what, in a meeting or what, how did that happen?

A.   When he calls me to give me some work directions of what he had to do, I protest because those are things that we were not supposed to do; or he tells me that we should have done those things, that the

CIVIL 07-1880 (DRD) (JA)                6

> equipment was out of service and I answered him that, that has always been the case even before UNICCO arrived.  Because I had worked all my time there with Unilever.  And then he tells me that it's just that I'm old and that I'm good for nothing.

> Q.    Do you have any witnesses to that conversation?

> A.    No.

> Q.    So, as to these comments that you relayed regarding that you were too old and that you were going to be fired, you have told me about that one time when mister Juan Rodríguez and a number of times that mister Ocasio would tell you that?

> A.    All the time mister Ocasio would tell me that.

(Docket No. 65-3, at 2-3.)  When the deposition resumed on January 30, 2010, the defendant claims that plaintiff gave a different answer regarding his allegation of age discrimination.  The defendant claims that plaintiff stated that even though it was only once that Mr. Rodríguez made discriminatory comments about his age during a meeting in his office, he would make said comments to him all the time. (Docket No. 55, at 6-7, ¶ 13.)  Plaintiff's January 30, 2010, deposition testimony, in the relevant, part reads as follows:

> A.    Before starting I want to make a clarification.

> Q.    Go ahead.

> A.    When I left here Monday and thinking about all the questions that Counsel had asked me, I told you that I only had one brother in law working at Unilever, and the truth is, there is another brother

CIVIL 07-1880 (DRD) (JA)                7

in law older than I who works there.  I also told you that I went to the office of Juan Rodríguez and he told me that I was going to be fired because I was old and I had complained.  It was only once at his office but he would tell me that all the time.  And I also have to review the evaluation made by UNICCO which was shown to me.

A.      Okey mister Sánchez, before we continue, I have to remind strongly that you continue to be under oath and everything that you testify here has to be truth of was being asked from you.

A.      Okey.

Q.      Okey, you are telling us today that as to mister Rodríguez, that it was one time that he made a comment to you regarding your age, but that he would tell you that all the time, is that what you are telling us today?

A.      Yes, he said that only once at his office, but he would say it to me all the time.

Q.      Okey, when you say all the time, what do you mean by that?

A.      Well all the time, every time he saw me.

Q.      Where?

A.      Well, at the company.

Q.      You have to be more specific mister Sánchez, where did that happen and when?

A.      Well, if I was doing some work at the area of the compressors or if I was at the Chilling area, he would make those comments.

CIVIL 07-1880 (DRD) (JA)                8

> Q.   What comments did he make?
>
> A.   That I was old, that he was going fire me, that I wasn't good for anything anymore.  That I didn't know how to supervise.

(Docket No. 65-4, at 2-3.)

It is clear that neither the questions made by the defendant were ambiguous nor were plaintiff's answers unclear.  On the first day of the deposition plaintiff was simply asked to explain the facts on which he based his age discrimination claim.  Plaintiff answered that Mr. Rodríguez only once made discriminatory comments about his age during a meeting in his office.  It was not until the deposition was resumed that plaintiff clarified that Mr. Rodríguez would make discriminatory comments to him about his age every time he saw him.  However, nowhere does plaintiff offer an explanation regarding the inconsistencies in his testimony.  He contends that such an explanation is not needed because it was never requested by the defendant during the taking of the deposition.  Plaintiff is incorrect.  Not only does plaintiff have to offer an explanation of why his testimony changed, but it also has to be satisfactory.  See Carmichael v. Verso Paper, LLC, 679 F. Supp. 2d at 122.  A mere assertion, much like the one made in this case by plaintiff, of what was really intended after a question is answered does not qualify as a satisfactory explanation.  Therefore, plaintiff's January 30, 2010, deposition testimony regarding his age discrimination claim against the

CIVIL 07-1880 (DRD) (JA)                    9

defendant has to be disregarded inasmuch as it contradicts his prior deposition testimony without satisfactory explanation.  See, e.g., Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009); Vélez v. Marriott PR Mgmt., Inc., 590 F. Supp. 2d 235, 249 (D.P.R. 2008).

### III.  CONCLUSION

For the reasons set forth above, I recommend that the defendant's motion to strike be GRANTED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 20th day of May,  2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge